IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Innovative Container Company, LLC, and Innovative Container Services, LLC, <br><br>Plaintiffs,<br><br>vs.<br><br>Son Light Trucking, Inc., Craig Raul Bunton, and Julian Cardona,<br><br>Defendants. | C.A. No. 6:05-280-HMH<br><br>**OPINION & ORDER** |

This matter is before the court on Innovative Container Company, LLC ("ICC") and Innovative Container Services, LLC's ("ICS") (collectively "Plaintiffs") motion to reconsider pursuant to Rule 54(b) of the Federal Rules of Civil Procedure or, in the alternative, to certify the order and opinion of April 3, 2006 ("April 3 Order"), for interlocutory appeal. The "district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). Further, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514.

In their motion, the Plaintiffs allege that the court improperly granted the Defendants summary judgment on the Plaintiffs' lost profits claim for the following reasons:

> 1. "The Court's Order failed to distinguish between ICS and ICC, which resulted in ICS's lost profits claim being excluded under incorrect factual premises (a) that ICS was a manufacturer and (b) that ICS had no history of profits";
> 2. The Court's Order impermissibly placed the burden upon the non-moving parties to establish a track record of profitability"; and

1

> 3. "The Court's Order is based upon the conclusion that the production of 30 and 35-gallon drums was a 'new enterprise.' However, ICC previously manufactured 57-gallon drums, and the Georgia cases concerning new enterprises do not draw so fine a distinction as to differentiate between manufacturing different sizes of the same product."

(Pls.' Mem. Supp. Reconsider 1-2.)

As to the first issue, that ICS "does not and never has manufactured drums" and has a track record of profitability does not alter the court's analysis of the lost profits issue. (Id.) Under Georgia law, "[l]oss of prospective profits is ordinarily too remote for recovery." MTW Inv. Co. v. Alcovy Props., Inc., 491 S.E.2d 460, 462 (Ga. Ct. App. 1997) (internal quotation marks omitted). "While recovery for lost profits is not necessarily precluded in a tort action, such loss must be capable of reasonably accurate computation." Johnson County School Dist. v. Greater Savannah Lawn Care, No. A05A1591, 2006 WL 549262, at * 2 (Ga. Ct. App. Mar. 8, 2006) (internal quotation marks omitted).

It appears that ICS purchases containers for sale from ICC.[1]  ICC and ICS have "substantial common ownership." (Pls.' Mem. Opp'n Summ. J. Ex. 16 (Chad Odom Decl.

---

[1] The court notes that the declaration of Chad Odom ("Odom") contains inconsistencies regarding the Plaintiffs' activities with respect to 30-gallon or 35-gallon containers. Paragraph 2 states that "[p]laintiffs are in the business of manufacturing and reconditioning industrial containers that they sell or lease to companies who use them to transport non-hazardous dyes and liquids." In paragraph 3, Odom declares that ICC "manufactures the drums (and sells a small number directly)" and ICS sells, markets, and leases the containers. Notably, paragraph 14 provides that "[i]n late 2002, [ICC] manufactured 57 gallon drums but not 30 or 35 gallon drums. Although Plaintiffs sold or leased reconditioned 30 and 35 gallon drums, we recognized that there was a growing demand for 30 or 35 gallon drums, which were in short supply." As such, the declaration is unclear as to whether ICC merely manufactures containers or also reconditions and sells 30-gallon and 35-gallon drums. In addition, in paragraph 17 he states that "[p]laintiff obtained oral commitments from eight different customers to purchase . . . 30 or 35 gallon drums . . . ." In other paragraphs he states that the plaintiffs lost eight customers.

2

¶ 4).) Throughout the Plaintiffs' memoranda and the declaration of Chad Odom ("Odom"), the Plaintiffs' president, the Plaintiffs represent that the manufacture and sale of 30-gallon or 35-gallon containers was a joint effort of the Plaintiffs. The Plaintiffs do not dispute that ICC lacks a track record of profitability. (Pls.' Mem. Supp. Reconsider 1-2.) Moreover, at the time of the accident, ICC had never manufactured 30-gallon or 35-gallon containers. In the April 3 Order, the court found that "based on the lack of a history of profitability for manufacturing 30-gallon and 35-gallon containers and the fact that the manufacture of 30-gallon and 35-gallon containers was a new enterprise, the calculation of lost profits is not reasonably ascertainable." (April 3 Order 11.) Therefore, lost profits are not reasonably ascertainable with respect to ICC.

In turn, it logically follows that ICS's claim for lost profits with respect to the 30-gallon or 35-gallon containers is not reasonably ascertainable. ICS's ability to sell the 30-gallon or 35-gallon containers was contingent on ICC's manufacturing them. At the time of the accident, ICC had never manufactured 30-gallon or 35-gallon containers, and the Plaintiffs only had oral commitments from customers to purchase 30-gallon or 35-gallon containers, without any written contractual obligations. (Pl.'s Mem. Opp'n Defs.' Summ J. Ex. 16 (Odom Decl. ¶¶ 14, 17).) Based on the record before the court, the court finds that the Plaintiffs' claim for lost profits is too remote and speculative.

Second, the court did not improperly place the burden upon the Plaintiffs to establish a track record of profitability. The Defendants alleged that the "Plaintiffs cannot provide a track record of profits for the manufacture of its thirty and thirty-five gallon drum business prior to the collision (and indeed [ICC] was operating at a loss)." (Defs.' Mem. Supp. Summ. J. 8.) In response to the Defendants' motion for partial summary judgment, the

3

Plaintiffs did not dispute that ICC operates at a loss.  Although the court noted that the Plaintiffs did not provide any evidence concerning ICS's profitability, as set forth above, ICS's profitability does not alter the court's analysis.  (April 3 Order 10.)   Nonetheless, the court did not shift the burden concerning the history of profitability to the Plaintiffs, but merely found that the Plaintiffs lacked a history of profitability as a matter of law with respect to the sale and manufacture of 30-gallon or 35-gallon containers manufactured by ICC because at the time of the accident, ICC had not manufactured any 30-gallon or 35-gallon containers. (Pl.'s Mem. Opp'n Defs.' Summ J. Ex. 16 (Odom Decl.¶ 14).)  Therefore, the Plaintiffs' second argument is without merit.

Third, for the reasons set forth in the court's April 3 Order, the court reaffirms its finding that ICC's manufacture of 30-gallon or 35-gallon containers is a new enterprise.

Therefore, it is

**ORDERED** that the Plaintiffs' motion to reconsider or, in the alternative, to certify the order and opinion of April 3, 2006, for interlocutory appeal, docket number 73, is denied as moot.  It is further

**ORDERED** that the Plaintiffs' motion to seal, docket number 74, is denied.

**IT IS SO ORDERED.**

                s/Henry M. Herlong, Jr.
                United States District Judge

Greenville, South Carolina
April 17, 2006